UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80010-CIV-RYSKAMP/VITUNAC.

PITA GENERAL CORP., et al.,

    Plaintiffs,

v.

STONINGTON INSURANCE CO.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

THIS CAUSE comes before the Court pursuant to Defendant's Motion to Compel and Motion for Sanctions, filed October 23, 2006 **[DE 81]**. Plaintiffs responded on November 8, 2006 **[DE 90]**. In its Response to the Court's Omnibus Order regarding Discovery and Trial Date, Defendant informed the Court and that several of the discovery requests in its October 23, 2006 motion still require adjudication. Accordingly, the Court issues this order.

### I. BACKGROUND

Plaintiffs own an assisted living facility that sustained damage during the 2004 hurricanes. Plaintiffs contend that the roof at the facility required complete replacement, but Defendant contends that the roof could have been repaired at a cost far less than complete replacement. Defendant also contends that Plaintiffs failed to mitigate their damages by failing to take any measures to repair the rest of the facility with the $425,100 deductible and/or the $400,000 Defendant paid Plaintiffs for hurricane related damage.

## II. LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Defendants have made several requests for production in which they request that Plaintiffs obtain documents in the possession of other entities. Fed. R. Civ. P. 34, which governs requests for production, provides as follows:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requester's behalf, to inspect and copy, any designated documents... or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.

While the Rules do not explicitly define "control," the Eleventh Circuit has defined the term as "not only possession, but [the] legal right to obtain documents requested upon demand." See Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). Courts interpret the term "control" broadly. See M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134, 136 (S.D.N.Y. 1986). Examples of requiring a party to produce documents in its "control" include requiring a corporate defendant to request from the SEC transcripts of testimony given by the corporate defendant's employees, see id. (citing Herbst v. Able, 63 F.R.D. 135, 138 (S.D.N.Y. 1972), requiring a party to obtain documents in the possession of the party's attorney provided that "the items were originally produced by the party or his agents, and then turned over to the attorney[,]" id. (quoting Hanson v. Gartland Steamship Co., 34 F.R.D. 493, 496 (N.D. Ohio 1964), and requiring a corporate defendant to produce documents in the possession of the defendant's affiliate where the affiliate wholly owned the defendant at the time of filing. See id. (citing

<u>Cooper Industries Inc. v. British Aerospace</u>, 102 F.R.D. 918, 919-20  (S.D.N.Y. 1984).  The Court will address the individual discovery requests with these examples in mind.

### III.  DISCUSSION

<u>Request to Produce No. One</u>:

> Please produce all maintenance records and documents for any maintenance performed at the facility by in-house maintenance or any other outside contractor, company or other entity for the ten (10) years prior to October, 2004.

Plaintiffs objected, claiming that the ten year scope was overbroad, but without waiving such objection, Plaintiffs agreed to provide any documents in their possession dating from the time period of their ownership of the property.  When Plaintiffs allegedly failed to provide such documents, the parties exchanged letters in which Plaintiffs' counsel replied that Defendant already had copies of every single responsive document that was in "possession, custody or control" of Plaintiffs.  Defendant requests that Plaintiffs legally demand or request these documents from the prior owners on the grounds that these documents are in Plaintiffs' control. Defendants give no indication, however, that Plaintiffs and the former owners of the facility have any relationship with each other such that these documents would indeed be in Plaintiffs' control. Plaintiffs need not provide a further response to this discovery request.

<u>Request to Produce No. Two</u>:

> Please produce all roofing proposals, contracts, reports or any other documentation submitted to Plaintiffs or any of their agents for any repairs to the facility for the time period of 1994-2004.

Plaintiffs objected to the request for production on the grounds that the ten year scope was overbroad.  Without waiving the objection, Plaintiffs asserted that they have already

4

provided every responsive document in their possession. Defendants respond, saying that Plaintiffs should request these documents from the prior owners. Again, there is no indication that Plaintiffs and the former owners had any sort of relationship such that these documents would be in Plaintiffs' control. Plaintiffs need not provide any additional response to this discovery request.

Request to Produce No. Five:

> Please produce any and all actual photographs, laser color photocopies or negatives of photographs of the facility taken within the last ten (10) years.

Plaintiffs object to the ten year scope of this request on grounds of overbreadth. Without waiving that objection, however, they have produced black and white and color copies of all photographs in their possession. Defendants take issue with this production on the grounds that the photographs are not identified as to who took them and/or when they were taken. The request for production does not request such identifying information, however. Nevertheless, photographs already produced indicate that photographs were taken of the facility prior to the hurricane. Plaintiffs allegedly have not produced any of these photographs, however. Defendants note that Gobbell Hays Partners signed Plaintiffs' answers to these interrogatories and acted as Plaintiffs' agents during both the pre-hurricane remediation project and the post-hurricane damage assessment. Accordingly, Plaintiffs must either request these photographs from Gobbell Hayes Partners or explain why they are legally unable to do so.

Requests to Produce No. 16 and 17:

> Please produce all documentation of roof repairs for roof leaks referenced in Plaintiffs' Bates Stamp #00505, and

>Please produce any and all documentation concerning roof repairs in August, 2002, as referenced in Plaintiffs' Rule 26 disclosure documents.

Plaintiffs responded that they possessed none of these documents but that these documents may be in the possession of the prior owners or managers. While Defendants argue that Plaintiffs and the current management companies are related entities, Defendants do not maintain the same about Plaintiffs and the former managers. Accordingly, Plaintiffs need not provide an additional response to this discovery request.

Interrogatory No. Four:

>Please identify all investors who toured the facility referenced in the Plaintiffs' Meeting Minutes of November 5, 2004, found at Plaintiffs' Bates Stamp #00022.

Plaintiffs initially responded that they were still trying to ascertain the identities of those individuals and that such information would be provided. Plaintiffs later responded that there were no investors present at the meeting, but that one individual was there on behalf of a lender. Plaintiffs have therefore adequately responded to this interrogatory.

Interrogatory No. Five:

>Please identify any and all roofers contacted to inspect, provide quotes, proposals, perform any repairs for damage allegedly done due to the 2004 hurricanes and for the last ten (10) years.

Plaintiffs object to the scope of the interrogatory in that it requests information from the last ten years. Without waiving that objection, however, Plaintiffs provided contact information for one roofing consultant. Documents already gathered by Plaintiffs referred to several instances of roof inspection and reports generated therefrom, however. Plaintiffs are therefore

6

compelled to provide the identities of the roofing consultants and contractors that inspected the roof and/or provided quotes or estimates to repair the roof during the time of Plaintiffs' ownership of the facility.

Interrogatory No. Six:

> Please identify all roofers and roofing consultants referred to in Gobbell Hays' report of July 19, 2005, found at Plaintiffs' Bates Stamp # 00100.

Plaintiffs respond that they do not know the identities of these individuals. The report, however, states that at least two estimates on the roof occurred. Plaintiffs are compelled to provide the identities of the roofers and roofing consultants who inspected the roof and/or provided quotes or estimates to repair the roof.

Interrogatory No. 10:

> Please identify all roofing consultants engaged by Facility Maintenance Co. (LTA), as referenced in Gobbell Hayes' report dated July 19, 2005, found at Plaintiffs' Bates Stamp select 00147.

Plaintiffs initially responded that the identities of these individuals were unknown. The Gobbell Hayes report, however, indicates that facility management company LTA engaged roofing consultants and roofing contractors to review the roof. LTA is the only named insured under the insurance policy at issue here. Accordingly, it acted on behalf of Plaintiffs in obtaining the policy. Plaintiffs are compelled to identify the roofing consultants and roofing contractors requested in this interrogatory.

## IV. CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the Motion to Compel, filed October 23, 2006 **[DE 81]** is GRANTED IN PART AND DENIED IN PART as explained herein. The accompanying Motion for Sanctions is DENIED. Given that trial in this matter is set for April 16, 2007, Plaintiffs shall respond to the discovery requests within five days.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 29th day of March, 2007.

Kenneth L. Ryskamp

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE